IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMARJOT SINGH,<br><br>    Petitioner,<br><br>vs.<br><br>DAVID EASTERWOOD, St. Paul Field Office Director, Immigration and Customs Enforcement and Removal Operations (ICE/ERO); KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD LYONS, Director, Immigration and Customs Enforcement;  U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and  U.S. DEPARTMENT OF HOMELAND SECURITY (DHS),<br><br>    Respondents. | 4:26CV3033<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Amarjot Singh's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained because he has not been afforded a bond hearing before an immigration judge. Respondents argue Petitioner is not entitled to a bond hearing because he is subject to mandatory detention as an alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to provide Petitioner a bond determination hearing in immigration court.

**I. BACKGROUND**

Amarjot Singh is a native and citizen of India. Filing No. 1 at 4. He entered the United States without inspection in November 2013. Id. On November 6, 2025, he was

1

taken into ICE custody on an administrative warrant.[1] Filing No. 6-2 at 1.  Petitioner seeks a writ of habeas corpus releasing him or ordering Respondents to provide him with a bond hearing.  Filing No. 1 at 16–17.

## II.    STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  This includes immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    ANALYSIS

The undersigned has already addressed the legal issue presented in this case in *Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328 (D. Neb. Jan. 8, 2026). Respondents have not explained how this case differs, and the Court sees no reason to depart from its prior reasoning.  The Fifth Circuit Court of Appeals' recent decision to the contrary is not binding on this Court.  *See Buenrostro-Mendez v. Bondi*, ___ F.4th ___, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).

In short, the Court concludes Respondents' interpretation of the INA is incorrect. A noncitizen who was apprehended after already being present in the United States is not an arriving alien seeking admission subject to mandatory detention under 8 U.S.C. §

---

[1] Respondents allege Petitioner was first arrested for the sale of THC products in Franklin County, Iowa, and then transferred to ICE custody.  Filing No. 6 at 3.  However, they do not claim this criminal arrest or any resulting charges or convictions are the reason for his present detention.  Rather, the sole basis for his current detention is being "an alien present in the United States who has not been admitted or paroled" which Respondents believe subjects him to mandatory detention.  *See* Filing No. 6-1 (Notice to Appear); Filing No. 4 at 4–14).

1225(b)(2). See *Chavez Avila*, 2026 WL 63328, at *2–3. Rather, such a noncitizen must be detained pursuant to a warrant and afforded a prompt bond determination before an immigration judge pursuant to 8 U.S.C. § 1226(a). *Id.*

Here, Respondents have produced a Notice to Appear and administrative warrant for Petitioner's arrest. Filing No. 6-1; Filing No. 6-2. Accordingly, the proper remedy is that he be afforded a prompt bond determination before an immigration judge. Therefore,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2. Respondents shall promptly afford Petitioner a bond determination hearing pursuant to 8 U.S.C. § 1226.

3. On or before **February 19, 2026**, respondents shall file a status update regarding Petitioner's bond hearing.

4. The Court will enter a separate judgment.


Dated this 11th day of February, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
