IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMARJOT SINGH,<br><br>             Petitioner,<br><br>vs.<br><br>DAVID EASTERWOOD, St. Paul Field Office Director, Immigration and Customs Enforcement and Removal Operations (ICE/ERO); KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD LYONS, Director, Immigration and Customs Enforcement;  U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and  U.S. DEPARTMENT OF HOMELAND SECURITY (DHS),<br><br>             Respondents. | 4:26CV3033<br><br>**ORDER** |

      This matter comes before the Court on Petitioner's motion to enforce the Court's writ of habeas corpus, Filing No. 10, and Respondents' objection, Filing No. 11.

      On February 11, 2026, this Court ordered Respondents to afford Petitioner a bond determination hearing pursuant to 8 U.S.C. § 1226 and update the Court by February 19, 2026, on the status of the bond hearing.  Petitioner agrees that on February 19, 2026, the immigration court held a bond determination hearing. Filing No. 10 at 2.  At that hearing, the Immigration Judge determined Petitioner was a danger and a flight risk based on his arrests for drug possession and domestic violence and because his proposed relief (asylum) was speculative. Filing No. 10 at 8.  The Immigration Judge accordingly denied him a bond.  *Id.*  Respondents filed a status update the same day. Filing No. 9.  Petitioner argues the Immigration Judge improperly weighed the evidence at the bond hearing,

1

placing more weight on the government's evidence than Petitioner's evidence of his ties to the United States. Filing No. 10 at 2.

The Court is without authority to grant the relief Petitioner seeks. Respondents have fully complied with this Court's writ of habeas corpus by affording Petitioner a bond hearing and providing a status update. Crucially, the Court is without jurisdiction to second-guess the Immigration Judge's bond decision. *See* 8 U.S.C. § 1226(e) ("Judicial review: The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Petitioner's remedy lies with an appeal to the Board of Immigration Appeals, not a motion in this Court.

IT IS ORDERED:

1) Petitioner's motion to enforce the Court's writ of habeas corpus, Filing No. 10, is denied.
2) Respondents' objection, Filing No. 11, is granted.

Dated this 11th day of March, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge